### THE COMMERCIAL NATIONAL BANK OF PEORIA

*v.*

### JOHN WAGGEMAN *et al.*

*Opinion filed October 19, 1900.*

APPEALS AND ERRORS—*when Appellate Court's judgment must be affirmed.* The judgment of the Appellate Court must be affirmed, on appeal, in a chancery case, where no question of law is presented and the preponderance of the evidence in the record sustains the conclusions of the master, the chancellor and the Appellate Court.

*Commercial Nat. Bank* v. *Waggeman*, 87 Ill. App. 171, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

JACK & TICHENOR, for appellant.

STEVENS & HORTON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant bank brought its bill in the Peoria circuit court against the appellees to foreclose a mortgage given by appellees John and Sophronia Waggeman to appellee Wilhelmina Harre, to secure their note to her of $3500. The bank claimed that the note and mortgage had been duly pledged to it to secure three notes of one Potthoff, aggregating the same amount, given by Potthoff for borrowed money. The appellees answered that the purported assignment of the Waggeman note by Mrs. Harre was a forgery, and that said note was so pledged by Potthoff without right and without authority from her. She also filed her cross-bill to compel the bank to surrender and deliver the note to her. The master reported the evidence to the court, with his conclusions that the purported signature of Mrs. Harre on the back of the note was a forgery and that the pledge was made by Potthoff without her knowledge or consent, and recommended a decree in her favor. The court overruled the exceptions of appellant and rendered a decree dismissing the bill and ordering that the note and mortgage be surrendered to Mrs. Harre, as prayed in her cross-bill. The Appellate Court has affirmed the decree.

Potthoff was the son-in-law of Mrs. Harre, and had obtained possession of the note to collect the interest for her. No question of law is involved, and the preponderance of the evidence in the record sustains the conclusions reached by the master, the chancellor and the Appellate Court. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*